UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON


CARL BUGGS, JR.,                    )
                                    )
        Petitioner,                 )  Civil Action No. 12-CV-337-JMH
                                    )
V.                                  )
                                    )
FRANCISCO J. QUINTANA, Warden,      )     **MEMORANDUM OPINION**
                                    )          **AND ORDER**
        Respondent.                 )

                ****    ****    ****    ****

Carl Buggs, Jr., is an inmate confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Buggs has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his underlying conviction. [R. 1] Buggs has paid the $5.00 filing fee.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Buggs's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are

construed in his favor.  *Bell Atlantic Corp. v. Twombly* , 550 U.S. 544, 555-56 (2007).  Having reviewed the petition, the Court must deny relief because, aside from its procedural defects, it has no merit.  For these reasons, the Court will deny his petition and dismiss this proceeding.

### BACKGROUND

On May 20, 1999, Buggs and three co-defendants were indicted by a grand jury in the United States District Court for the Northern District of Indiana, Hammond Division, in a nine-count indictment for the robbery of multiple retail businesses, violations of 18 U.S.C. § 1951 (interference with commerce by threat or violence); aiding and abetting, in violation of 18 U.S.C. § 2; and for the use of firearms during the commission of the robbery offenses, in violation of 18 U.S.C. §§ 922(k) and 924(c). Buggs was indicted in Counts 1, 6, 7, 8, and 9 of the indictment. Buggs proceeded to trial and was convicted on all of the counts in which he was charged.

Buggs was sentenced on December 7, 1999.  He received a 78-month sentence on each of counts 1, 6, and 8, to be served concurrently; a 60-month sentence on count 7, to be served consecutively to the 78-month sentences imposed on counts 1, 6, and 8; and a 240-month sentence on count 9, to be served consecutively to the sentences imposed on counts 1, 6, and 8 to the extent necessary to produce a total sentence of 378 months.  The court

also ordered Buggs to make restitution to the business establishments that had been robbed.

Buggs's conviction and sentence were affirmed on appeal. *United States v. Buggs*, 6 F. App'x 484 (7th Cir. 2001). Buggs then moved to vacate or set aside his sentence, pursuant to 28 U.S.C. § 2255. The trial court denied that motion, (R. 238-39), and the Seventh Circuit Court of Appeals affirmed that denial on appeal. *Buggs v. United States*, 107 F. App'x 649 (7th Cir. 2004).

## DISCUSSION

Buggs contends that since there was just one predicate offense charged (conspiracy in Count 1), his convictions on the two, separate violations of 18 U.S.C. 924(c) (the firearms charged in Counts 7 and 9), violate his rights to due process under the Fifth Amendment and the Constitution's Double Jeopardy Clause, and that he is "actually innocent" of the sentence imposed on these firearms charges. To support this argument, Buggs relies on *United States v. Taylor*, 13 F.3d 986 (6th Cir. 1994).

Having reviewed his arguments and the applicable law, it is plain that Buggs is not entitled to relief under § 2241, as he fails to assert a legitimate claim of actual innocence or to show that a retroactively applicable Supreme Court decision affords him relief. 28 U.S.C. § 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447

3

(6th Cir. 2009) (citing 28 U.S.C. § 2255(a)).  It is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing."  *Eaves v. United States*, No. 4:10-cv-00036, 2010 WL 3283018, at * 6 (E.D. Tenn. Aug. 17, 2010).

The "savings clause" set forth in § 2255(e) provides a narrow avenue for relief under § 2241 if the remedy under § 2255(a) is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447 (quoting *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)).  A federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief."  28 U.S.C. § 2255(e).  He must prove that his § 2255 remedy is inadequate or ineffective to challenge the legality of his detention.  *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).  As previously noted, Buggs's Section 2255 motion filed in the trial court was denied.

A.   **Intervening change in the law**

The Sixth Circuit permits a prisoner to take advantage of this narrow "safety valve" provision only when, after the petitioner's conviction has become final, the Supreme Court re-interprets the terms of the statute under which the petitioner was convicted in such a way that petitioner's actions did not violate

the statute.  *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) (holding that a prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241).  Buggs has not provided the Court with any post-conviction decision by the Supreme Court establishing an intervening change in the law that would make his actions legal.

**B.   Actual innocence**

A movant can also implicate the savings clause when he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), which requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001).  The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent" of the crime.  *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

However, Buggs's claim of "actual innocence" is a conclusory allegation unsupported by any authority from the United States Supreme Court Supreme Court reinterpreting the terms of the statute petitioner was convicted of having violated in such a way that petitioner's actions did not violate the statute.  Buggs's claim of

"actual innocence" is a claim of "legal insufficiency," and thus does not constitute the kind of "actual innocence" claim which may be considered under the statute.  Because Buggs has already tested the "legal sufficiency" of his conviction and sentence on direct appeal and in his Section 2255 motion, he can not relitigate these same claims in his § 2241 habeas petition.

**C.    Petition on the merits**

Even if he could do so, Buggs's claims would fail on the merits.  Buggs argues that since there was a single predicate claim (the conspiracy charged in Count 1), he cannot lawfully be convicted and sentenced for two separate firearms offenses (as charged in Counts 7 and 9).  In support of that argument, he points to *United States v. Taylor*, *supra.*

*Taylor* concerned six defendants where the predicate offense charged in Count 1 was possession with intent to distribute cocaine.  Count 2 charged defendant Nash with using and carrying a firearm (a 12-gauge Stevens single shotgun) during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and Count 3 charged Nash with using and carrying a second firearm (a 12-gauge Weatherby shotgun) during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  Nash was convicted of the underlying drug offense (Count 1) and the two counts (Counts 2 and 3) of using or carrying a weapon in relation to the drug offenses.  Nash received a prison sentence of 27 1/4

years: a 2 1/4-year sentence on Count 1, a consecutive 5-year sentence on Count 2, and a consecutive 20-year sentence on Count 3.

18 U.S.C. § 924(c)(1) provides that when a person uses or carries a firearm during and in relation to any crime of violence or a drug trafficking crime, he or she must be sentenced to a five-year sentence, imposed in addition to and to run consecutively to the sentence imposed for committing the underlying crime of violence or drug trafficking crime. The statute also provides that in the case of a second or subsequent conviction under 18 U.S.C. § 924(c)(1), the defendant shall receive a consecutive twenty-year sentence.

On appeal, the Sixth Circuit in *Taylor* framed the issue before it as follows: "The issue before us, . . . is whether or not § 924(c) allows multiple convictions and sentences in relation to a single predicate drug-trafficking offense." *Taylor*, 13 F.3d at 992. In resolving that issue, the *Taylor* court noted:

> It is well settled in this circuit that a defendant has committed only a single violation of § 924(c)(1) when he uses multiple firearms in relation to a single drug trafficking offense. *United States v. Sims,* 975 F.2d 1225, 1233 (6th Cir. 1992) ("Since the defendants-appellants were charged with and convicted of only one predicate offense, a judgment of conviction may be entered against each of them for only one violation of section 924(c), and each may only receive one sentence for violating section 924(c).")

*Taylor*, 13 F.3d at 992.

Based on this well-settled rule, the *Taylor* court (1) remanded the case to the district court, directing that Nash's conviction

and sentence on Count 3 be vacated, and (2) affirmed Nash's convictions in all other respects. As a result, Nash was relieved of having to serve an additional twenty-year sentence.

The foregoing rule recognized in *Taylor* is the rule in the majority of the circuits, including the Seventh Circuit, where Buggs was convicted. *See United States v. White*, 222 F.3d 363, 373-74 (7th Cir. 2000). Nevertheless, it does not assist Buggs in this case. His reliance on this rule in *Taylor* is misplaced.

In *Taylor*, the predicate offense on which the two firearm counts were based was a single act of possession with intent to distribute cocaine. In Buggs's case, the predicate offense is a conspiracy to unlawfully obstruct, delay, and affect commerce that spanned a period of time of more than six months, beginning or about August 28, 1997, and ending or about March 3, 1998. During this period of time, various retail businesses were robbed on different dates. In Count 6, Buggs was charged with the robbery of "Loco's Barber Shop" on December 13, 1997, and in Count 8, Buggs was charged with the robbery of "The Store" on February 26, 1998. The robbery of each of these businesses constitutes a separate and distinct offense. Buggs appears to argue that since these robberies occurred during the course of a single predicate conspiracy offense, he can only be convicted and sentenced for a single Section 924(c) violation. This argument, taken to its extreme, would mean that during the course of the entire

8

conspiracy, he could have robbed a different business, while using or carrying a firearm (irrespective of whether it is the same firearm or a different firearm), every day for a period of time of more than six months and still only be convicted and sentenced for a single violation of Section 924(c).  Such is not the law.  In an analogous context, the Sixth Circuit has held that separate criminal acts committed even hours apart are separate offenses for purposes of Section 924(e)(1).  *United States v. Brady*, 988 F.2d 664, 665 (6th Cir. 1993) (*en banc*); *see also United States v. Phillips*, 149 F.3d 1026, 1031 (9th Cir. 1998) ("The rule is that offenses that are temporally distinct constitute separate predicate offenses, even if committed within hours of each other, similar in nature, and consolidated for trial or sentencing."); *United States v. Cardenas*, 217 F.3d 491, 492 (7th Cir. 2000); *United States v. Hobbs*, 136 F.3d 384 (4th Cir. 1998); *United States v. Pope*, 132 F.3d 684 (11th Cir. 1998).  Accordingly, courts have held that "even if the single conspiracy offense is taken as the predicate drug offense, we have held that 'consecutive sentences under section 924(c)(1) are appropriate whenever there have been multiple, separate acts of firearm use or carriage, even when all of those acts relate to a single predicate offense.'"  *United States v. McMillion*, 175 F. App'x 588, 590 (4th Cir. 2006).

In addition, Buggs's case is factually distinguishable from *Taylor* because the predicate offenses are different: a single act of possession with intent to distribute in *Taylor* versus a conspiracy to rob retail business enterprises that lasted for more than six months. *Taylor* is not the panacea Buggs envisions. Buggs's argument would only have merit if he had been convicted of a single act of robbing one retail business establishment on one day while using or carrying more than one firearm at that time.

For these reasons, Buggs's habeas petition is procedurally improper and substantively without merit.

Accordingly, **IT IS ORDERED** that:

1.    Carl Buggs, Jr.'s petition for a writ of habeas corpus [R. 1] is **DENIED**.

2.    The Court will enter an appropriate judgment.

3.    This matter is **STRICKEN** from the active docket.

This the 21st day of December, 2012.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge